The statute provides for the sale of lands by the comptroller for unpaid taxes; and by § 66 (1 R.S., 409), the owner or occupant of lands sold for taxes, *Page 548 
or any other person, may redeem the same at any time within two years after the last day of such sale. By § 80, if no person shall redeem such lands within two years, the comptroller shall, at the expiration thereof, execute to the purchaser a conveyance of the real estate so sold. By § 83, whenever any land sold for taxes by the comptroller and conveyed as hereinbefore provided shall, at the time of the conveyance, be in the actual occupancy of any person, the grantee, to whom the same shall have been conveyed, shall serve a written notice on the person occupying such land, stating certain things. By § 85, the occupant may redeem. In 1830, the legislature passed an act entitled, "in relation to the redemption of lands sold for taxes in certain cases" (Laws of 1830, 112), by which it is declared that, in all cases of lands hereafter to be sold for arrears of taxes, it shall be the duty of the purchaser, or person claiming under him, of any lands which shall be occupied at the time of the expiration of the two years given for the redemption thereof, to serve upon such occupant the notice required by § 83 of title 3 of chap. 13 of part 1st of the Revised Statutes, within one year from the expiration of the time of redemption.
In the present case the land was sold for taxes in December, 1848, and the comptroller's deed bears date in December, 1850; but it was not actually executed until July, 1851. At the expiration of the two years from the last day of the sales of 1848, the land was unoccupied; but, as the jury have found, it was occupied at the time, July, 1851, at which the conveyance by the comptroller was actually executed. The grantee gave no notice to the occupant; and the question presented is whether the grantee had acquired a good title; in other words, whether he had performed all the conditions required by law. The decision of this question depends upon the construction to be given to the provisions in the Revised Statutes and the act of 1830. In my opinion, by the Revised Statutes, notice was required *Page 549 
to be given to any one who was an occupant "at the time of the conveyance;" i.e., when the conveyance was actually made by the comptroller; and there is no provision in the statute requiring that notice be given to any one occupying at any other time; so that in case the land was occupied at the end of the two years from the sales, but became vacant after that, and was actually vacant when the conveyance was made, no notice was required. And I think the object of the act of 1830 was to supply what was regarded as a defect in the Revised Statutes; that is, to require the grantee to give notice to any one who occupied the land "at the time of the expiration of the two years given for the redemption thereof." If this construction of the Revised Statutes is correct, it is seen that in those cases where the land was occupied at the end of the two years, the purchaser might neglect to obtain his conveyance, and, if he could find a time when the land was unoccupied, obtain his conveyance, and thus avoid all necessity for any notice. The vacancy of the land may have been merely temporary. This system may have been productive of great evil, and the legislature, I think, provided against it in the act of 1830. The latter act required notice when the land is occupied at the end of the two years. These statutes are not inconsistent with each other, and the latter act is not a substitute for the former. There are other additional provisions in the act of 1830, which I think are confirmatory of this view. By the Revised Statutes, though the comptroller is to execute a deed to the purchaser at the expiration of the two years, there is nothing in the statute requiring the purchaser to call for and take his deed at that time; and § 83 provides for the notice to the occupant "at the time of the conveyance." There is no time specified when this notice shall be given, nor is any time specified for this notice by the act of 1830; but the act of 1830 does prescribe the time within which the notice specified in that act shall be given, viz., "within one year from the expiration of *Page 550 
the said time of redemption;" and evidence of the service of the notice is to be furnished to the comptroller in one month. In the case, therefore, of an occupancy at the expiration of two years, the occupant can rely upon having notice in one year; and the evidence of service of the notice must be furnished to the comptroller within one month. The Revised Statutes provide for a redemption before the expiration of the two years, and then after the notice is given; but they contain no provisions authorizing a redemption after the expiration of the two years and before the service of notice by the grantee. The act of 1830 (§ 4) authorizes the person who occupied at the end of the two years, to redeem at any time before the service of the notice upon him; and this provision is by § 5 extended to land sold prior to the passage of that act. These provisions were omissions in the Revised Statutes, and were, I suppose, regarded as defects. Construe these statutes together and it results in this: If, at the end of two years, the land was occupied, the purchaser must take his deed and serve his notice within one year. The notice is to be "the notice required by § 83 of the Revised Statutes;" and by that section it is to be a notice stating in substance the sale and conveyance, the person to whom made, and the amount of the consideration money mentioned in the conveyance, c. Hence, he must have a conveyance before the notice can be served. If he delays, say nine months, to take his conveyance, and the same person remains the occupant, one notice to him will be sufficient. The occupant will answer the description of both statutes; but if the land was occupied by one person at the end of the two years, and by another person when the conveyance was made, each must have notice. In the present case the conveyance was taken within a year; there was no occupant upon the land at the expiration of the two years, but there was at the time of the conveyance, and notice to him should have been given; no time, however, is specified within which *Page 551 
it should be given, as the Revised Statutes are silent as to the time. I think the legislature by the act of 1830 intended, in those cases where the land was occupied at the expiration of the two years, to hasten the purchaser in obtaining his conveyance and giving the notice, and also to provide for a redemption by the occupant after the two years and before the notice, so as to put an early end to the questions and difficulty touching the title. When the occupancy commenced after the expiration of the two years, the case was left to the provisions of the Revised Statutes. The statutes do not conflict; they can stand together. The act of 1830 carefully provides for a case omitted in the Revised Statutes. The repeal of a statute by implication is not favored; if by a fair construction they are not inconsistent and can stand together, the latter does not repeal the former.
The judgment should be affirmed.
DENIO, J., having been counsel in the cause, took no part in its decision.
Judgment affirmed.